UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SEAN FITZGERALD,<br><br>    Plaintiff,<br><br>vs.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota Corporation; ROE CORPORATIONS I through XX; and DOES I through XX, inclusive.<br><br>    Defendants.<br><br>REPUBLIC INDEMNITY COMPANY OF AMERICAN,<br><br>    Intervenor. | 2:05-cv-00838-KJD-RJJ<br><br>REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE<br>(Defendant's Motion for Sanctions Terminating the Case (#90)) |

This matter came before the Court on Defendant's Motion for Sanctions Terminating the Case (#90). The Court has considered Defendant's Motion (#90). No response was filed by Plaintiff Sean Fitzgerald; therefore, Plaintiff consents to the granting of this motion. LR 7-2. Further, the Court finds that the Motion (#90) should be granted on the merits.

## BACKGROUND

On March 7, 2007, the Court Ordered (#67) plaintiff, Sean Fitzgerald ("Plaintiff") to appear before this Court for a status conference hearing scheduled on March 20, 2007. Order (#67) at 1. The Order (#67) required Plaintiff to be present in Court for this hearing. Additionally, the Order (#67) required Plaintiff's counsel to personally serve Plaintiff with a copy of the Motion (#57) and

a copy of the Order (#67). Plaintiff's counsel personally served Plaintiff with the Motion (#57) and Order (#67) by certified mail. See, Certificate of Service (#72). The United States Post Office confirmed that delivery was made on March 11, 2007. See, Exhibit 1 attached to the Certificate of Service (#72). Plaintiff did not attend the hearing on March 20, 2007, and further, did not communicate any reason for his failure to attend.

At the status hearing held on March 20, 2007, the Court granted Defendant's Motion to Compel (#55). In addition to the hearing, the Court in a written Order (#80), ordered Plaintiff to undergo a Magnetic Resonance Imaging (MRI), on April 23, 2007, and then appear at Dr. Derek Duke's office, on May 4, 2007, to undergo an independent medical exam (IME). Order (#80) at 2. Further, the Court ordered Plaintiff to submit to an Electromyogram/Nerve Conduction Study by a licensed neurologist selected by Dr. Derek Duke. Order (#80) at 3. This Court stressed:

> **PLAINTIFF IS CAUTIONED THAT FAILURE TO OBEY THIS COURT ORDER COULD RESULT IN CONTEMPT PROCEEDINGS AND RESULT IN SANCTIONS, INCLUDING THE DISMISSAL OF HIS CLAIMS.**

Order (#80) at 3 (emphasis in original).

For Plaintiff's failure to appear at the March 20, 2007, hearing, the Court issued an Order to Show Cause (#77), requiring the Plaintiff to appear before the Court on April 26, 2007, and show cause, why "he should not be held in contempt of Court and/or be subjected to sanctions for his failure to appear at the scheduled hearing." Order to Show Cause (#77) at 2.

On April 26, 2007, the Court held a hearing for Plaintiff to show cause for failing to appear at the March 20, 2007, hearing, and again Plaintiff failed to appear. This Court attempted to reach Plaintiff by telephone, but Plaintiff could not be reached. Therefore, the Court invited the Defendant to proceed with a Rule 37 sanctions motion, which was ordered served personally on Plaintiff. Minutes of Proceedings (#8)7.

On May 10, 2007, the Plaintiff was served with Defedant's Motion for Sanctions Terminating the Case (#90); thereafter, Defendant's Motion for Sanctions Terminating the Case (#90) was filed with this Court on May 11, 2007. This Court now decides Defendant's Motion for Sanctions Terminating the Case (#90).

**DISCUSSION**

The purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.[1] To this end, several rules exist to assure a just, speedy, and inexpensive outcome while implementing heavy sanctions on parties that are noncompliant with the Rules. Rule 16(f) provides that the court may issue sanctions, pursuant to Rule 37(b), if a party "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(A)-(C). Rule 37(b) provides, in pertinent part, that: "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . includ[ing] . . . dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A).

The Ninth Circuit stresses that because dismissal is such a harsh penalty, it should only be imposed in extreme circumstances. Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987). Thus, in deciding whether to dismiss a case for failing to comply with a court order, the court should weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Allen v. Bayer Corp. (In re : Phenylpropanolamine (PPA) Prods. Liab. Litig.), 460 F.3d 1217, 1226 (9th Cir. 2006) (citing Malone, 833 F.2d at 130). However, "[t]hese factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" Allen, 460 F.3d at 1226 (citing Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).

**1. Expeditious Resolution of Litigation**

"Orderly and expeditious resolution of disputes is of great importance to the rule of law . .

---

[1] The amended Federal Rules of Civil Procedure, effective December 1, 2007, are used here since the new wording has no bearing on the outcome of this matter.

1  . [and b]y the same token, delay in reaching the merits . . . is costly in money, memory,
2  manageability, and confidence in the process." Allen, 460 F.3d at 1227.  In the present matter,
3  Plaintiff's behavior and failure to comply with several court orders have greatly delayed this matter
4  beyond all reasonableness. This Court finds that Plaintiff's behavior is inconsistent with the purpose
5  of the Federal Rules of Civil Procedure to provide a "just, speedy, and inexpensive determination"
6  of this action.  FED. R. CIV. P. 1.

7  **2. Courts Need to Manage Its Docket**

8  The district court's inherent power to control its dockets includes issuing sanctions of
9  dismissal where appropriate. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831
10 (9th Cir. 1986).  The sanction of dismissal "must be available to the district court in appropriate
11 cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but
12 to deter those who might be tempted to such conduct in the absence of such a deterrent."  NHL v.
13 Metro Hockey Club, 427 U.S. 639, 642 (U.S. 1976).

14 In the present matter, Plaintiff was required to be present at a hearing set by the Court, but
15 failed to appear. Order (#67).  Plaintiff was ordered to undergo a MRI and an IME but failed to
16 attend those exams.  (Order (#80).  Plaintiff was ordered to show cause for his absence at the March
17 20, 2007, hearing but failed to appear, and Plaintiff refused to respond to Defendant's Motion for
18 Sanctions Terminating the Case (#90).  In addition to Plaintiff's failure to appear and comply with
19 this Court's orders, Plaintiff is apparently ignoring, avoiding and refusing to accept mail from the
20 Court and his prior counsel.  This Court has made several attempts to allow the Plaintiff to remain
21 in this matter but Plaintiff has removed himself from the case by ignoring and not responding to any
22 communications from the Court.  It is of upmost  importance that the Court manage its docket.
23 Plaintiff's behavior makes it impossible for the Court to effectively manage this case.

24 **3. Risk of Prejudice to the Defendant**

25 The Ninth Circuit has found that a defendant suffers prejudice where a "plaintiff's actions
26 impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the
27 case."  Adriana Intl. Corp. v. Lewis & Co., 913 F.2d 1406, 1411 (9th Cir. 1990).  In the present
28 matter, Plaintiff's actions have substantially impaired Defendant's ability to defend this case.

- 4 -

1  Plaintiff placed his physical condition at issue in this case. Therefore, pursuant to Rule 35, the Court
2  ordered the Plaintiff to undergo physical examinations by certified and suitably licensed examiners.
3  FED. R. CIV. P. 35(a)(1).  These examinations are crucial to both Plaintiff's case and Defendant's
4  defense. However, Plaintiff refused to participate.  Plaintiff's actions throughout the case have
5  substantially and unreasonably delayed the matter.  The Court finds that if this case continues, the
6  Defendant will be prejudiced and continue to incur substantial costs.

**4. Public Policy Favoring Disposition of This Cases on the Merits**

The Ninth Circuit holds that "public policy favoring disposition of cases on their merits strongly counsels against dismissal." Allen, 460 F.3d at 1228.  However, resolution on the merits cannot occur if the case is staled or unreasonably delayed by a plaintiff's failure to comply with court orders and discovery obligations. Allen, 460 F.3d at 1228.  Therefore, if the plaintiff is the party causing the delay, dismissal is the appropriate sanction, because it is the plaintiff's responsibility to move the case toward disposition on the merits.  Allen v. Exxon Corp. (In re Exxon Valdez), 102 F.3d 429, 433 (9th Cir. 1996).

In the present matter, Plaintiff's delay has caused the case to come to a halt.  The Court will not allow Plaintiff's irresponsibility to frustrate the Court's attempt to facilitate the disposition of this case on the merits.  Therefore, although public policy disfavors dismissal in most circumstances, here, public policy supports the dismissal of this case due to Plaintiff's unreasonable disobedience and delays.

**5. The Availability of Less Drastic Sanctions.**

When considering this factor, the Court must compare the impact of dismissing the case to the adequacy of a less drastic sanction. Malone, 833 F.2d at 131-32.  The Ninth Circuit has outlined three factors to help facilitate this analysis, which are: "(1) [d]id the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate; (2) [d]id the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal; and (3) [d]id the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal." Malone, 833 F.2d at 132.

In the present matter, less drastic sanctions will have no affect on Plaintiff.  First, alternative

1  sanctions would be inadequate because Plaintiff refuses to obey any order the Court issues. The
2  Court ordered the Plaintiff to be present at two Court hearings, one to show cause for not appearing
3  at the prior hearing, and to participate in two medical examinations. Plaintiff disobeyed all of these
4  orders. The Court sent Plaintiff notice of the show cause hearing for failing to appear at the March
5  20, 2007, hearing, but Plaintiff ignored the notice sent by the Court. Plaintiff is unwilling to
6  prosecute this case.

7  Second, the Court implemented alternative methods of sanctioning or curing the
8  malfeasance. The Court may have ordered this case be dismissed after Plaintiff failed to appear at
9  the March 20, 2007, hearing to which Plaintiff was ordered to attend. Order (#67). However, the
10 Court did not dismiss the matter at that time, rather it ordered the Plaintiff to appear at an April 26,
11 2007, hearing to show cause for Plaintiff's absence at the hearing held on March 20, 2007. Order
12 (#77 ). Moreover, Plaintiff was ordered to undergo physical examinations before the hearing on
13 April 26, 2007. Order (#80) . Plaintiff, once again failed to appear at the hearing held on April 26,
14 2007, and did not undergo the physical examinations ordered by the Court. The Court may have
15 dismissed the case at that time but instead made Defendant file a Motion for Sanctions Terminating
16 the Case (#90). The Court has offered opportunities for the Plaintiff to cure, or at least explain his
17 malfeasance, but all were unproductive. To impose alternative sanctions would be futile.

18 Lastly, this Court expressly warned Plaintiff of the possibility of dismissal. The Court stated:

19 **PLAINTIFF IS CAUTIONED THAT FAILURE TO OBEY THIS COURT ORDER COULD RESULT IN**
20 **CONTEMPT PROCEEDINGS AND RESULT IN SANCTIONS, INCLUDING THE DISMISSAL OF**
21 **HIS CLAIMS.**

22 Order (#80) at 3 (emphasis in original). Plaintiff was adequately warned of the harsh sanctions
23 that could arise if he disobeyed the order. Plaintiff was also given adequate time to respond to
24 Defendant's Motion for Sanctions Terminating the Case (#90). The Court knows that Plaintiff
25 received the Motion (#90) because it was personally delivered to Plaintiff by Defendant's private
26 investigator. Based on the factors above, the Court finds that no less drastic sanctions exist that
27 may be imposed on Plaintiff to compel him to comply with this Court's orders.
28

After analyzing the <u>Allen</u> factors, the Court finds that this case should be dismissed with prejudice. <u>Allen</u>, 460 F.3d at 1226. The Plaintiff was given ample opportunities to comply with the discovery rules and the several court orders. Due to Plaintiff's disobedient and obstinate behavior, the Court should grant Defendant's Motion for Sanctions Terminating the Case (#90).

## CONCLUSION

Pursuant to Rule 37, "[i]f a party . . . fails to obey an order to provide or permit discovery. . . the court where the action is pending may issue further just orders . . . includ[ing] . . . dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A). Although dismissal is a harsh penalty and should only be granted in extreme circumstances, Plaintiff's behavior warrants dismissal of this case. In order to secure the just, speedy, and inexpensive determination of this action, Defendant's Motion (#90) should be granted.

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the Defendant's Motion for Sanctions Terminating the Case (#90) be **GRANTED** and the case **DISMISSED WITH PREJUDICE**.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court on or before January 4, 2008.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. <u>Thomas v. Arn</u>, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. <u>Martinez</u>

. . . .

. . . .

. . . .

. . . .

1
2   v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d
3   452, 454 (9th Cir. 1983).
4           DATED this 21st day of December, 2007.
5
6
7                                                   _____
                                                    ROBERT J. JOHNSTON
8                                                   United States Magistrate Judge